UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WILLIAM ODESSA BROWN, II,<br><br>    Petitioner,<br>v.<br><br>LARRY SMALL, Warden,<br><br>    Respondent. | Civil No. 10cv99 BTM (NLS)<br><br>**REPORT AND RECOMMENDATION FOR ORDER GRANTING RESPONDENT'S MOTION TO DISMISS**<br><br>[Doc. No. 11] |

William Odessa Brown, II ("Petitioner") is a California parolee proceeding pro se with a Petition for a Writ of Habeas Corpus ("Petition") pursuant to 28 U.S.C. § 2254. (Doc. No. 1.)  Petitioner contends his rights were violated by the California Department of Corrections and Rehabilitation ("CDCR") in relation to an August 3, 2007 rule violation for attempted battery on a peace officer at the California Training Facility ("CTF").  (Pet. at 6.)  He asserts the following claims in support of this Petition:  (1) double jeopardy violation for being found guilty twice for the same rule violation; (2) due process violations arising out of the disciplinary hearing; (3) violation of his First Amendment free speech rights because his appeal was screened out for use of offensive language; and (4) CDCR has been "deliberately indifferent to his constitutional rights in imposing guilty findings to two rule violations reports which has amounted to cruel and unusual punishment being imposed when there is no factual evidence to support the rule violation report."  (Pet. at 6-14.)

Respondent Larry Small ("Respondent") filed the Motion to Dismiss Writ of Habeas Corpus ("MTD") currently before the Court.  Respondent argues that Petitioner has failed to challenge the

legality or duration of his confinement and therefore fails to allege a cognizable claim for federal habeas corpus relief. Therefore, the Petition cannot support a finding of federal jurisdiction and must be dismissed. Respondent argues in the alternative that the Petition is successive and should be dismissed on those grounds. (MTD at 1.)

Petitioner requested and was granted an extension to June 7, 2010 to file a response to the MTD. To date, Petitioner has not filed a response. (Doc. No. 15.) Additionally, Petitioner does not expressly request any form of relief, except by reference to a "restoration of credits" that he sought in a different habeas petition in *Brown v. Small*, Case No. 09cv2058-W (PCL).

The Court has reviewed the record, and for the following reasons, **RECOMMENDS** that the district judge **GRANT** the motion to dismiss.

## BACKGROUND

On August 6, 1997, a state Superior Court jury in Santa Cruz convicted Petitioner of voluntary manslaughter (Cal. Pen Code § 192(a)) and assault with a deadly weapon (Cal. Pen. Code § 245(a)(1)). (Pet. Attach. A at 6.) On April 20, 1998, the Petitioner was sentenced to 13 years in prison. (*Id*.) He was incarcerated at the Calipatria State Prison. (*Id*.) On January 29, 2010, Petitioner was released on parole in Tyler, Texas. (MTD Ex. 1, Chronological History.)

<u>Habeas Petition to the Superior Court of California</u>

On December 23, 2008, Petitioner petitioned for a writ of habeas corpus with the Superior Court of California, County of Imperial. (*Id.* at 18.) Petitioner alleged due process violations resulting from the prison's unjust failure to restore lost credits forfeited due to an administrative finding of guilt for a rule violation. (*Id*.) On March 9, 2009, the Superior Court of California denied Petitioner's petition for writ of habeas corpus. (*Id*. at 31.)

<u>Habeas Petition to the California Court of Appeal</u>

On April 9, 2009, Petitioner filed a petition for writ of habeas corpus with the California Court of Appeal, Fourth Appellate District. (*Id.* at 21.) Petitioner contended that the prison officials' failure to award Petitioner restoration of credits upon establishment of a disciplinary-free period "amounts to cruel and unusual punishment, [and] denial of due process and equal protection of laws." (*Id*. at 4.) On June 17, 2009, the California Court of Appeal denied Petitioner's petition for writ of habeas corpus.

(MTD Ex. 1, Chronological History.)

### Habeas Petition to the California Supreme Court

On July 13, 2009, Petitioner filed a petition for writ of habeas corpus with the California Supreme Court. (Pet. Attach. B at 31.) On August 12, 2009, the California Supreme Court denied Petitioner's petition (*Id.*)

### Federal Habeas Petition to the District Court, Southern District of California

On September 18, 2009, Petitioner filed a petition for writ of habeas corpus pursuant to 28 U.S.C.A. § 2254, in case number 09-CV-2058 W (PCL). Petitioner contended that "he was entitled to restoration of credits after remaining disciplinary free for a period of six months." (*Pet*. at 6.) Petitioner did not contest his conviction or sentence. (*Id*. at 1-2.) On May 24, 2010, the District Court, Southern District of California granted a motion to dismiss in that case and dismissed the petition on the basis that he failed to state claims for double jeopardy and cruel and unusual punishment. (MTD Ex. 1, Chronological History.) Meanwhile, Petitioner had filed the Petition in this case on January 13, 2010.[1]

## DISCUSSION

### I. Failure To Allege Facts Giving Rise To A Constitutional Violation

Respondent contends that Petitioner fails to state a cognizable claim for which federal habeas corpus relief may be granted because the claim does not give rise to a constitutional violation. (MTD at 2.) A petitioner must allege that he or she is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Claims not cognizable via federal habeas review are subject to dismissal. *See Id.*

#### A. Failure to Allege the Fact or Duration of His Confinement

Petitioner challenges a prison disciplinary violation, Log Number VI-07-07-035, in which he was found guilty of attempted battery on a peace officer at the Central Training Facility. Upon appeal and rehearing of the disciplinary violation, Petitioner was found guilty of the lessor offense of "Conduct Conducive to Violence." Petitioner bases the claims in this Petition on that guilty finding.

Respondent argues Petitioner is not in custody for the offense that is related to his claim and that

---

[1] While Petitioner is now on parole, he was not released on parole until January 29, 2010, after he filed this Petition.

Petitioner does not challenge the legality or duration of his confinement. (MTD at 1.) In failing to do so, Respondent argues Petitioner cannot allege a cognizable claim for federal habeas corpus relief. (*Id.*)

The Court agrees. Petitioner does not challenge his conviction or sentence because he only challenges the prison disciplinary actions that found him guilty of a serious rules violation. While not directly stated in the Petition, Petitioner refers to his prior federal habeas petition in case 09CV2058-W (PCL), in which he alleges that the guilty finding referenced in this Petition resulted in an unjustified loss of his good-time credits. The record, however, reflects that while Petitioner could have been assessed a penalty resulting in the loss of good-time credits pursuant to the guilty finding in the first rules violation report, because that report was vacated and reissued outside of the required time constraints of (15 Cal. Code Regs. § (c)(4)(c))[2], Petitioner did not lose any good-time credits. (*See* MTD, Ex. 2, Court of Appeal Order, Case No. D056048.) Since Petitioner did not suffer any loss of good-time credits, this Court lacks jurisdiction to determine whether he is entitled to immediate or special release. Therefore, his Petition should be dismissed on this ground.

## II.     The Petition is Successive

When a federal habeas petitioner proceeds to judgment on the merits of claims presented with respect to a particular conviction, any later filed habeas corpus petition attacking that same conviction is considered a "second or successive" petition. *See Slack v. McDaniel*, 529 U.S. 473, 486-88 (2000). Under such circumstances, a petitioner is required to obtain authorization from the court of appeals to file a second or successive petition in the district court. *See* 28 U.S.C. § 2244(b)(3). Such authorization requires Petitioner to make a prima facie showing to the court of appeals that he has satisfied the requirements of § 2244(b)(2), i.e., that his claim is either based on a new rule of constitutional law made retroactive by the Supreme Court, or on the discovery of new, material evidence. *See* 28 U.S.C. § 2244(b)(2).

On September 18, 2009, Petitioner filed a habeas petition pursuant to 28 U.S.C. § 2254 in this Court challenging his August 3, 2007 rule violation for attempted battery on a peace officer at the CTF.

---

[2] When time constraints are not met, the inmate may not be assessed a loss of time credits. "Credit forfeiture will not be allowed if the time limitations were violated on the original CDC Form 115 that was ordered re-issued/re-heard." (15 Cal. Code Regs. § 3313(C)(4)( C).) The remedy for the Department's failure to timely hold a disciplinary hearing is to dissallow the loss of the inmate's time credits, not to dismiss the rules violation. *See* Lodgment 0006 at 1-2.

(*See Pet.* 9/18/09 [Doc. No. 1] in *Brown v. Small*, Case No. 09cv2058-W (PCL)).  That petition was dismissed for failure to state a claim based on the same facts as alleged here.  (*See Order* filed 5/24/10 [Doc. No. 12] in *Brown v. Small*, Case No. 09cv2058-W (PCL)).  Petitioner did not appeal the denial of that petition.

Petitioner now challenges the same August 3, 2007 rule violation, alleging that it violates his rights against double jeopardy, procedural due process violations, free speech violations, and cruel and unusual punishment.  (Pet. at 6-14.)  Although Petitioner correctly observes that all these claims were not raised in his prior habeas petition, the First Amended Petition here is considered second or successive unless he did not have the opportunity to present the claims in his prior petition.  *See Hill v. Alaska*, 297 F.3d 895, 898-99 (9th Cir. 2002).  Petitioner did not explain why he could not have alleged these claims in his prior habeas petition, nor did he allege any new facts or new applicable law in this petition.  As such, the Petition is therefore second or successive.  *Id.*; *see also Woods v. Carey*, 525 F.3d 886, 888 (9th Cir. 2008) (noting that "a new petition is 'second or successive' if it raises claims that were or could have been adjudicated on their merits in an earlier petition."), quoting *Cooper v. Calderon*, 274 F.3d 1270, 1273 (9th Cir. 2001) (holding that because petitioner "was aware of the factual predicate of this claim long ago and could have raised the claim in his first petition, his claim is 'second or successive.'").  Because Petitioner has not obtained permission from the Ninth Circuit Court of Appeals to file a second or successive petition, the Court lacks jurisdiction over the Petition filed here.  *Cooper*, 274 F.3d at 1274 (holding that "the district court may not, in the absence of proper authorization from the court of appeals, consider a second or successive habeas application.")  Accordingly, the Court recommends granting Respondent's Motion to Dismiss of the Petition as successive, and recommends dismissing the Petition pursuant to 28 U.S.C. § 2244(b).

## **CONCLUSION**

For all of the above reasons, the court **RECOMMENDS** that motion to dismiss be **GRANTED** and the Petition be **DISMISSED** in its entirety for failure to state any federal claim.

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1).

//

**IT IS ORDERED** that no later than *August 17, 2010*, any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties no later than *August 27, 2010*. The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: July 19, 2010

Hon. Nita L. Stormes
U.S. Magistrate Judge
United States District Court